**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**REGINALD D. GOODMAN,**

Plaintiff,

**v.** **Case No. 25-CV-1655**

**LINDSEY SCHMANDT,**

Defendant.

---

## ORDER

---

On June 9, 2026, the defendant filed a motion for summary judgment on exhaustion grounds. (ECF No. 24.) On June 10, 2026, the court sent a notice and order to *pro se* plaintiff Reginald D. Goodman informing him that he had to respond to the defendant's motion for summary judgment by July 9, 2026, and that failure to do so may result in the court accepting all the defendant's facts as undisputed, likely resulting in the court granting the defendant's motion. (ECF No. 29.)

On June 29, 2026, Goodman filed a motion for extension of time to respond to the motion for summary judgment on exhaustion grounds. (ECF No. 32.) The court extended the deadline to file a response to September 9, 2026. (ECF No. 33.)

On July 17, 2026, Goodman filed an amended complaint. (ECF No. 35.) On September 3, 2026, the court struck Goodman's amended complaint because he did not first seek leave to file an amended complaint or obtain the opposing party's

consent to file an amended complaint in violation of Fed. R. Civ. P. 15(a)(2). (ECF No. 43.) The court instructed Goodman that, if he wanted to amend his complaint in the future, Civil Local Rule 15 (b) requires that he must file a motion to amend the complaint that states "specifically what changes are sought by the proposed amendments. The proposed amended pleadings must be filed as an attachment to the motion to amend." Civil Local Rule 15(a) requires that the proposed amended complaint must be reproduced in its entirety "and may not incorporate any prior pleading by reference." (*Id.* at 2.)

The September 9, 2026, deadline passed and Goodman did not file a response to the defendants' summary judgment motion. On September 14, 2026, Goodman filed subpoenas related to discovery on the merits of his case. (ECF No. 44.) On September 16, Goodman filed a motion to amend the complaint, which simply states, "Can the court refile my amended complaint. Judge if possible refile & would like do that within 15 days." (ECF No. 47.)

As to Goodman's motion to amend the complaint, the court notes he did not follow the instructions he was given on September 3, 2026, and failed to identify the changes sought by the proposed amendments. He also did not reproduce the proposed amended complaint in its entirety. The court denies his motion.

Also on September 16, 2026, the defendant filed a motion to enforce the court's June 10, 2026, notice and order because Goodman did not file a response to their motion for summary judgment on exhaustion grounds by the September 9 deadline.

The court will construe the motion for summary judgment as unopposed. The court has reviewed the defendant's motion for summary judgment, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendant is entitled to summary judgment on exhaustion grounds. The case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

Because the case is dismissed, the court will deny as moot the defendant's motion to stay discovery, (ECF No. 45), and motion for judge to decide the case, (ECF No. 48).

**IT IS THEREFORE ORDERED** that Goodman's motion to amend the complaint (ECF No. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion to enforce court order (ECF No. 46) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (ECF No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion to stay discovery (ECF No. 45) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Goodman's motion for judge to decide the case (ECF No. 48) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may

appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).
A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 22nd day of September, 2026.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge